Hardin, P. J.
Plaintiff by allowing tobe inserted in the policy the words “ on his brick and frame building and additions occupied as a Saloon, dwelling house, tailor shop and hall,” warranted the building was so occupied at the time of the issuing of the policy, and by accepting the renewal in accordance with the terms of the policy, in effect warranted that the property remained so occupied at the time of renewal. .
When the property became occupied, with the assent of the plaintiff, as a station for vagrants and tramps, without the assent of the defendant, there was a breach of the warranty.
It'may be assumed, for the purposes of this action, that the breach was waived by the defendant by the notice given to the agent of the defendant that part of the building had been rented to the city as a station house in which to lodge tramps and vagrants.
However, as the notice found by the trial judge is accompanied by the finding that the plaintiff assured the defendant’s agent, viz: “That the time would be out on the first of next month, and that the city could not have it any longer,” that notice may not be deemed an assent on the part of the defendant to a continuation of the occupation as a station for vagrants and tramps for a greater length of time than specified in the notice. The fact that the property was occupied as such station on the 30th of August, 1875, without the consent of the defendant, or without any notice thereof, and that that fact was not made known to the defendant at the time of the delivery of the renewal receipt compels the conclusion that the policy was broken and the renewal thereof broken according to the exact terms of the stipulations between the parties. Wall v. East River Ins. Co., 3 Selden, 370; Rohrbach v. Germania Ins. Co., 62 N. Y., 47; Alexander v. Germania Ins. Co., 66 id., 464.
Plaintiff by the terms of the policy at the time of appli *552 cation for a renewal of the same was bound to give notice of any change in the occupancy of the property which had occurred or which increased the risk over the occupancy specified in the policy.
The language of the policy was specific on that point. It was, viz: “But in case there shall have been any change in the risk, either within itself or by neighboring buildings, not made known to the company by the assured at the time of renewal, this policy and renewal shall be void.”
Under that language it was the duty of the plaintiff to inform the defendant of the change in the occupancy of the property. Inasmuch as that change increased the risk he should have made known to the company * * * at the time of renewal the fact that the risk had been increased by the lease of the property to the city of Rome for a, station-house for tramps and vagrants.” He did not do so.
The trial judge has found, viz: “that the said change in the risk was not made known to the company at the time of such renewal, nor did said defendant or its agents know at the time of such renewal that any change in the occupancy or risk existed.”
To meet this provision of the policy at the trial, the plaintiff gave evidence tending to show that he gave notice of such changed occupation in a second interview which he held with Putnam, the agent of the defendant. His testimony in that regard is flatly and positively contradicted by the testimony of Putnam. The trial judge saw the witnesses, heard them testify, observed their bearing upon the stand, and was called upon to determine which testified in accordance with the truth. It was his province to determine which he would believe. He has believed the testimony of the witness, Putnam, and found in accordance therewith. We have read the conflicting testimony and do not feel warranted in saying that the trial judge, with greater facilities for appreciating the evidence, has not found in accordance with the most reasonable view of the evidence.
Giving to the trial judge’s findings such influence as we think they are justly entitled to in considering this conflicting evidence, we are constrained to accept his conclusion upon the evidence as the same is evidenced in his findings of fact.
We think the trial judge was bound to rule as a matter of law as he did, and that we are required, due respect being had to the opinion of this court delivered on a former appeal, to hold that the conclusion reached by the trial judge was correct.
In a former appeal in this court an opinion was delivered, by Hulun, P. J., in which we find the following language, *553 viz: I cannot agree with the referee that the policy was a valid obligation against the company at the time of the fire. The risk had been increased by reason of the use to which the building was put, after the policy was issued, and the notice to the defendant of the hiring to the city might have been sufficient to render the policy valid for the residue of the current year. But by the notice, the company was for a brief period, and when that period expired, the renting to the city would not be renewed.
When the defendant renewed the policy, it had the right to assume that the lease to the city had expired, and that the increased risk had completely terminated.
By the policy the renewal in the absence of evidence of notice that some change had been made in the building or its use was upon the terms of the original application, survey, &c., and as the mode of use had been changed to the prejudice of the company the policy was void.
Without further discussion of the questions raised by the learned counsel for the appellant we consider it our duty to follow the opinion of Judge Mullin, and to sustain the decision made at the circuit.
Judgment affirmed with costs.
Boardman and Follett, JJ., concur.